**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED WHOLESALE MORTGAGE, LLC, | Case No. 2:24-cv-10376 |
| | Hon. Brandy R. McMillion |
| Plaintiff, | |
| v. | |
| MORTGAGE SOLUTIONS FCS, INC. and RAMON WALKER, | |
| Defendants. | |

**PLAINTIFF UNITED WHOLESALE MORTGAGE LLC'S**
**MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

Plaintiff, United Wholesale Mortgage, LLC ("UWM"), by its undersigned attorneys, moves under Federal Rule of Civil Procedure 15(a)(2) for leave to file the First Amended Complaint attached as Exhibit 1. UWM relies upon the attached brief to support this Motion.

Pursuant to E.D. Mich. Local Rule 7.1(a), UWM's counsel certifies that it explained the nature of the instant motion and its legal basis and requested but did not obtain concurrence in the relief sought.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Mahde Y. Abdallah* |
|  | Moheeb H. Murray (P63893) |
|  | William E. McDonald, III (P76709) |
|  | Mahde Y. Abdallah (P80121) |
|  | **BUSH SEYFERTH PLLC** |
|  | 100 W. Big Beaver Rd., Ste. 400 |
|  | Troy, MI 48084 |
|  | T/F: (248) 822-7800 |
|  | murray@bsplaw.com |
|  | mcdonald@bsplaw.com |
|  | abdallah@bsplaw.com |
| Dated: June 4, 2024 | *Attorneys for Plaintiff United Wholesale Mortgage* |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED WHOLESALE MORTGAGE, LLC,

    Plaintiff,

v.

MORTGAGE SOLUTIONS FCS, INC. and RAMON WALKER,

    Defendants.

Case No. 2:24-cv-10376
Hon. Brandy R. McMillion

---

**PLAINTIFF UNITED WHOLESALE MORTGAGE LLC'S**
**BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE**
**TO FILE A FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ ii

STATEMENT OF THE ISSUE PRESENTED ........................................................ iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. iv

INTRODUCTION ........................................................................................................1

LEGAL STANDARD ..................................................................................................2

ARGUMENT ................................................................................................................2

    I.    UWM Diligently Seeks to Amend its Complaint in Good Faith. ........................................................................................................2

    II.    This is UWM's First Request to the Court for Leave to Amend. .................................................................................................3

    III.    UWM's Proposed First Amended Complaint is Plausible. ..................4

    IV.    Mortgage Solutions Suffers No Prejudice from the Amendment. ...........................................................................................5

CONCLUSION .............................................................................................................6

## STATEMENT OF THE ISSUE PRESENTED

Should Plaintiff United Wholesale Mortgage be granted leave to file a First Amended Complaint to (1) detail the various ways Defendant Mortgage Solutions FCS, Inc. agreed to the amendments and renewals of the parties' Correspondent Agreement and (2) clarify its trademark-infringement claim against Defendant Ramon Walker?

      UWM answers:               Yes.

      This Court should answer:      Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 15(a)(2)

*Martin v. Trott Law, P.C.*, 198 F. Supp. 3d 794 (E.D. Mich. 2016)

*Newberry v. Silverman*, 789 F.3d 636 (6th Cir. 2015)

## INTRODUCTION

Should the Court be inclined to grant Defendants' Motion to Dismiss (ECF No. 13) the current Complaint, it should provide Plaintiff United Wholesale Mortgage, LLC ("UWM") leave to amend that Complaint. Defendants' Motion to Dismiss argues that UWM did not sufficiently allege facts establishing that Mortgage Solutions FCS, Inc. agreed to the amended versions of the parties' Correspondent Agreement. Though UWM disagrees with that premise, the proposed First Amended Complaint, attached as Exhibit 1, supplements UWM's allegations by further detailing how Mortgage Solutions agreed to the amendments and renewals of the parties' Correspondent Agreement. The proposed First Amended Complaint also clarifies that even if Mortgage Solutions did not agree to the amendments or renewals, its actions still amount to a breach of the "Early Payoffs" ("EPO") provisions in the original Correspondent Agreement, to which Mortgage Solutions indisputably agreed. The Court should also grant UWM leave to revise its trademark-infringement allegations and Defendant Walker to clarify Walker's improper use of UWM's trademarked logo.

UWM therefore respectfully requests that the Court grant this Motion and provide UWM leave to file the proposed First Amended Complaint, attached as Exhibit 1.

1

## LEGAL STANDARD

Under Fed. R. Civ. P. 15(a)(2), leave to amend a pleading should be freely given "when justice so requires." *Id.* "[T]he caselaw in this Circuit manifests liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015).[1] In determining whether to grant leave, courts consider "undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed amendments, futility of the proposed new claim, or undue prejudice to the opposite party." *Martin v. Trott Law, P.C.*, 198 F. Supp. 3d 794, 813 (E.D. Mich. 2016).

## ARGUMENT

Justice requires that leave be granted to UWM to amend its Complaint to (1) detail the various ways Mortgage Solutions agreed to the amendments and renewals of the parties' Correspondent Agreement and (2) clarify its trademark-infringement claim against Defendant Ramon Walker.

### I. UWM Diligently Seeks to Amend its Complaint in Good Faith.

UWM has not unduly delayed its request to amend its Complaint. Rather, UWM moves for leave to amend its Complaint with diligence at the early stages of this litigation. *Martin*, 198 F. Supp. 3d at 814 ("[T]he party seeking to amend must

---

[1] Throughout, unless otherwise noted, all internal quotation marks, citations, and footnotes are omitted.

'act with due diligence if it wants to take advantage of the Rule's liberality.'") Indeed, a party may generally amend its pleading as a matter of course within 21 days after the opposing party services a motion under Rule 12(b), Fed. R. Civ. P. 15(a)(1), as Defendants did here. Here, UWM seeks leave to file a First Amended Complaint contemporaneously with its response to Defendants' Motion to Dismiss UWM's Complaint under Rule 12(b)(6). The passing of a few additional weeks—under the parties' stipulated extensions for UWM to respond to Defendants' Motion to Dismiss—does not constitute undue delay by UWM in seeking to amend its Complaint.

UWM also brings this Motion in good faith. The proposed First Amended Complaint seeks to supplement UWM's allegations to detail the various ways Mortgage Solutions agreed to the amendments and renewals of the parties' Correspondent Agreement, which UWM had no anticipation that Mortgage Solutions would dispute. The proposed First Amended Complaint also provides slight revisions to UWM's trademark-infringement claim. Accordingly, no bad faith exists on the part of UWM.

## II. This is UWM's First Request to the Court for Leave to Amend.

This is UWM's first request for leave to amend its Complaint. In response to the Complaint, Mortgage Solutions, in its Motion to Dismiss (ECF No. 13), disputed that it agreed to amendments of the parties' Correspondent Agreement. Though

3

UWM disagrees with that, UWM can nonetheless plausibly allege that Mortgage Solutions breached even the original Correspondent Agreement, which has only immaterial differences from the amended/renewal versions' EPO provisions. To the extent that the Court has any skepticism regarding the plausibility of UWM's current breach-of-contract claim relating to Mortgage Solutions' breaches of the EPO provision in the amended/renewal versions, UWM should have the opportunity to dispel the Court of its skepticism via the proposed First Amended Complaint by detailing the various ways Mortgage Solutions agreed to those amendments and renewals of the parties' Correspondent Agreement.

### III. UWM's Proposed First Amended Complaint is Plausible.

UWM's Complaint is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, to the extent the Court disagrees or seeks further detail, UWM should be provided leave to include the supplemental allegations in the proposed First Amended Complaint. The "plausibility" standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" a legally cognizable claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The First Amended Complaint's allegations, which must be accepted as true, detail the process of amending the parties' Correspondent Agreement, provide further facts demonstrating Mortgage Solutions' agreement to amendments to the Correspondent

Agreement through its 2021 and 2022 renewals to the Correspondent Agreement, and clarify UWM's trademark-infringement claim. Accordingly, UWM's proposed First Amended Complaint states plausible claims (as does the initial Complaint), and is not futile.

## IV. Mortgage Solutions Suffers No Prejudice from the Amendment.

Courts "deny leave to amend where there is some *significant* showing of prejudice to the opponent." *Martin*, 198 F. Supp. 3d at 814. "An amendment to a complaint prejudices a party where the amendment will require that party to prepare an additional defense strategy and expend additional resources to defend against new claims." *Id*. This is not the case here. UWM is not adding any new claims or allegations that will require Defendants to add additional defenses or expend additional resources. Rather, UWM is only corroborating and supplementing its existing allegations by detailing Mortgage Solutions' agreements to the Correspondent Agreement's amendments/renewals and clarifying its trademark-infringement claim. Further, discovery has not even begun, so Defendants would not be precluded from fully litigating their defenses to UWM's claims. Lastly, as stated above, Defendants suffer no prejudice because, under Rule 15(a)(1), a party may generally amend its pleading as a matter of right within 21 days after the opposing party services a motion under Rule 12(b). Here, the situation is effectively the same where UWM seeks leave to amend while Defendants' Motion to Dismiss the original

5

Complaint remains pending. Leave to amend is therefore appropriate because Defendants cannot establish a "significant" showing of prejudice.

## CONCLUSION

For the reasons set forth above, UWM respectfully requests that this Court enter an order granting UWM leave to file the proposed First Amended Complaint attached as Exhibit 1.

                                                    Respectfully submitted,

                                                    */s/ Mahde Y. Abdallah*
                                                    Moheeb H. Murray (P63893)
                                                    William E. McDonald, III (P76709)
                                                    Mahde Y. Abdallah (P80121)
                                                    **BUSH SEYFERTH PLLC**
                                                    100 W. Big Beaver Rd., Ste. 400
                                                    Troy, MI 48084
                                                    T/F: (248) 822-7800
                                                    murray@bsplaw.com
                                                    mcdonald@bsplaw.com
                                                    abdallah@bsplaw.com
                                                    *Attorneys for Plaintiff United Wholesale*
Dated: June 4, 2024                           *Mortgage*