# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED WHOLESALE MORTGAGE, LLC,

    Plaintiff,

v.

MORTGAGE SOLUTIONS FCS, INC. and RAMON WALKER,

    Defendants.

Case No. 2:24-cv-10376
Hon. Brandy R. McMillion

_____/

| | |
|---|---|
| MOHEEB H. MURRAY (P63893) | JEFFREY B. MORGANROTH (P41670) |
| WILLIAM E. McDONALD III (P76709) | JASON R. HIRSCH (P58034) |
| MAHDE Y. ABDALLAH (P80121) | MORGANROTH & MORGANROTH, PLLC |
| BUSH SEYFERTH PLLC | Attorneys for Defendants |
| Attorneys for Plaintiff | 344 North Old Woodward Avenue, Suite 200 |
| 100 W. Big Beaver Road, Suite 400 | Birmingham, Michigan 48009 |
| Troy, Michigan 48084 | (248) 864-4000 |
| (248) 822-7800 | jmorganroth@morganrothlaw.com |
| abdallah@bsplaw.com | jhirsch@morganrothlaw.com |
| mcdonald@bsplaw.com | |

_____/

## DEFENDANTS' ANSWER TO PLAINTIFF UNITED WHOLESALE MORTGAGE LLC'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT [ECF NO. 17]

Defendants, Mortgage Solutions FCS, Inc. and Ramon Walker, by and through their attorneys hereby answer Plaintiff United Wholesale Mortgage LLC's ("UWM") Motion for Leave to File a First Amended Complaint ("FAC") [ECF NO. 17] as follows:

There is no basis to grant leave to UWM to file a First Amended Complaint because any such amendment would be futile as fully set forth herein.

This Answer is further supported by the accompanying Brief in Opposition.

WHEREFORE, Defendants respectfully request that this Court DENY UWM's request for leave to file a FAC.

Respectfully submitted,

/s/ Jeffery B. Morganroth
JEFFREY B. MORGANROTH (P41670)
JASON R. HIRSCH (P58034)
MORGANROTH & MORGANROTH, PLLC
Attorneys for Defendants
344 North Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(248) 864-4000
jmorganroth@morganrothlaw.com
Dated: June 18, 2024        jhirsch@morganrothlaw.com

1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED WHOLESALE MORTGAGE, LLC,

    Plaintiff,

v.

MORTGAGE SOLUTIONS FCS, INC. and RAMON WALKER,

    Defendants.

Case No. 2:24-cv-10376
Hon. Brandy R. McMillion

_____/

| | |
|---|---|
| MOHEEB H. MURRAY (P63893) | JEFFREY B. MORGANROTH (P41670) |
| WILLIAM E. McDONALD III (P76709) | JASON R. HIRSCH (P58034) |
| MAHDE Y. ABDALLAH (P80121) | MORGANROTH & MORGANROTH, PLLC |
| BUSH SEYFERTH PLLC | Attorneys for Defendants |
| Attorneys for Plaintiff | 344 North Old Woodward Avenue, Suite 200 |
| 100 W. Big Beaver Road, Suite 400 | Birmingham, Michigan 48009 |
| Troy, Michigan 48084 | (248) 864-4000 |
| (248) 822-7800 | jmorganroth@morganrothlaw.com |
| abdallah@bsplaw.com | jhirsch@morganrothlaw.com |
| mcdonald@bsplaw.com | |

_____/

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF UNITED WHOLESALE MORTGAGE LLC'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT [ECF NO. 17]**

# **TABLE OF CONTENTS**

**Page**

INDEX OF AUTHORITIES ................................................................................ ii

CONTROLLING AUTHORITY ....................................................................... iv

Statement of Issue Presented ................................................................................v

Introduction ............................................................................................................1

Argument ................................................................................................................1

    I.    Standard of Review ....................................................................................1

    II.   UWM's Request for Leave Was Not Brought in Good Faith. ...............3

    III.  The Proposed FAC Would Be Subject to Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6). ...........................................................................................3

CONCLUSION .......................................................................................................8

PROOF OF SERVICE ...........................................................................................9

# INDEX OF AUTHORITIES

**Cases**                                                **Page(s)**

*Carter v. Target Corp.*,
 541 Fed. App'x 413 (5th Cir. 2013) ............................................................... 4

*Day v. Fortune Hi-Tech Mktg.*,
 2012 U.S. Dist. LEXIS 130581 (E.D. Ky. Sep. 13, 2012) .............................. 6

*Foman v. Davis*,
 371 U.S. 178 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ........................................... 2

*Gallatin Manor, LLC v. PNC Bank, N.A.*,
 2020 U.S. Dist. LEXIS 49397 (E.D. Mich. Mar. 23, 2020) ........................... 1

*Holland v. Trinity Health Care Corp.*,
 287 Mich.App. 524; 791 N.W.2d 724 (2010) ................................................ 5

*Jack Daniel's Props. v. VIP Prods. LLC*,
 599 U.S. 140 (2023) ........................................................................................ 8

*Perkins v. Am. Elec. Power Fuel Supply, Inc.*,
 246 F.3d 593 (6th Cir. 2001) .......................................................................... 2

*Rose v. Hartford Underwriters Ins. Co.*,
 203 F.3d 417 (6th Cir. 2000) .......................................................................... 2

*Wade v. Knoxville Utilities Bd.*,
 259 F.3d 452 (6th Cir. 2001) .......................................................................... 2

*Yuhasz v. Brush Wellman, Inc.*,
 341 F.3d 559 (6th Cir. 2003) .......................................................................... 2

## **Rules**

Fed. R. Civ. P. 15(a)(1) ................................................................................................. v

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1,3

Fed. R. Civ. P. 15(a)(2) ............................................................................................... 2

## **Other Authorities**

Mich. Comp. Laws Serv. § 566.1 ............................................................................... 6

15 U.S.C. § 1125(c)(3)(A)(ii) ..................................................................................... 8

# **CONTROLLING AUTHORITY**

**Cases**                                                                          **Page(s)**

*Day v. Fortune Hi-Tech Mktg.*,
 2012 U.S. Dist. LEXIS 130581 (E.D. Ky. Sep. 13, 2012) ..............................6

*Holland v. Trinity Health Care Corp.*,
 287 Mich.App. 524; 791 N.W.2d 724 (2010) ..................................................5

*Rose v. Hartford Underwriters Ins. Co.*,
 203 F.3d 417 (6th Cir. 2000) ...........................................................................2

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................1,3

Fed. R. Civ. P. 15(a)(2) ......................................................................................2

**Other Authorities**

Mich. Comp. Laws Serv. § 566.1 .........................................................................6

## **Statement of Issue Presented**

Whether Plaintiff, United Wholesale Mortgage LLC, should be granted leave to file a First Amended Complaint where:

A. Instead of filing a First Amended Complaint as a matter of right pursuant Fed. R. Civ. P. 15(a)(1), Plaintiff instead sought two extensions of time in which to respond to Defendants' Motion to Dismiss, filed a response to the Motion to Dismiss, and yet now claims it should be granted leave to correct deficiencies in its original Complaint; and

B. The proposed First Amended Complaint still fails to state a claim upon which relief could be granted and therefore such amendment would be futile.

| | |
|---|---|
| Defendants answer: | No |
| Plaintiff answers: | Yes |
| This Court should answer: | No |

## Introduction

Defendants, Mortgage Solutions, FCS, Inc. ("Mortgage Solutions") timely filed their Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on April 15, 2024. ECF No. 13. Rather than timely responding to that Motion, Plaintiff requested, and Defendants granted, two separate extensions of the deadline for Plaintiff's response. ECF Nos. 14, 15. On June 4, 2024, Plaintiff finally filed its opposition to the Motion to Dismiss (ECF No. 16). On the same day, essentially conceding that its pleading was deficient, Plaintiff also preemptively filed this Motion (ECF No. 17) seeking leave to file a first amended complaint ("FAC") in the event that its initial Complaint is dismissed (as it should be).

This Motion should be denied for the following reasons:

1. Plaintiff stalled and delayed filing this Motion by seeking two separate extensions of time in which to respond to Defendants' Motion to Dismiss instead of simply filing its FAC; and

2. The proposed FAC fails to state a claim upon which relief could be granted in any event such that filing the FAC would be futile.

## Argument

**I.     Standard of Review.**

Where "[d]efendants do not concur in Plaintiff's motion [for leave to amend], . . . it is within the Court's discretion whether to grant Plaintiff's motion for leave to file an amended complaint." *Gallatin Manor, LLC v. PNC Bank, N.A.*, 2020 U.S. Dist. LEXIS 49397,*6-7 (E.D. Mich. Mar. 23, 2020). Pursuant to Rule 15(a)(2), "leave

1

shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "The factors a court is to consider when determining whether to permit a plaintiff to file an amended complaint are:

    (1) the delay in filing the motion,

    (2) the lack of notice to the other party,

    (3) bad faith by the moving party,

    (4) repeated failure to cure deficiencies by previous amendments,

    (5) undue prejudice to the opposing party, and

    (6) futility of the amendment."

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001); *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

A district court may deny a plaintiff leave to amend his complaint when the proposed amendment would be futile. *See, e.g.*, *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). *An amendment is deemed futile when it would not withstand a Rule 12(b)(6) motion to dismiss*. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

These factors weigh against grating UWM leave to file the FAC because: (1) UWM's has exhibited bad faith in delaying filing its FAC; and (2) UWM's proposed amendments to its pleadings in the FAC are futile and would be subject to

2

dismissal pursuant Fed. R. Civ. P. 12(b)(6) in any event.

## II.     UWM's Request for Leave Was Not Brought in Good Faith.

After seeking two extensions to file its opposition to Defendants' Motion to Dismiss, Plaintiff now wants to fight the war on two fronts. That is, while simultaneously opposing Defendant's Motion to Dismiss (and thereby requiring Defendants to file a reply brief), Plaintiff simultaneously seeks leave to file an amended complaint (essentially conceding that the operative Complaint should be dismissed). There is simply no reason for UWM to undertake both alternative approaches concurrently, thereby unduly burdening both Defendants and this Court with dueling motions addressing largely the same issues.

## III.    The Proposed FAC Would Be Subject to Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).

UWM seeks to add new allegations in the FAC to help buttress its claim seeking to enforce unsigned amendments to the parties' agreements. But the FAC's allegations remain deficient.

In the FAC, UWM's breach of contract claim continues to be premised upon an alleged violation of an Unsigned Amendment to the parties' 2020 Correspondent Agreement. ECF No. 17-1, PageID.159-160 at ¶¶ 21; ECF No. 17-1, PageID.205 at § 7.16 (exh. C to FAC). Specifically, UWM now alleges that Mortgage Solutions agreed to the amendments, attached as Exhibits B and D to its FAC (ECF No. 17-1, PageID.188-197), by "approv[ing] the renewals through UWM's online broker-

3

facing portal." ECF No. 17-1, PageID.160-161 at ¶ 21. That allegation, however, does nothing to shore up the enforceability of the Unsigned Amendment.

First, § 7.01 of the 2020 Correspondent Agreement requires a signed writing to amend any of the material terms of the agreement, and the FAC confirms that no such writing exists. ECF No. 17-1, PageID.194, § 7.01 (exh. B to FAC). Specifically, Section 7.01 of the 2020 Correspondent Agreement states:

> 7.01 Amendment of Agreement. Except as provided in Section 7.07, this Agreement may not be amended *except in a writing executed by authorized representatives of both Correspondent and UWM*. ECF No. 17-1, PageID.197 at § 7.07 (italics and footnote added).

And the FAC does not allege the existence of any such "writing executed by authorized representatives of both Correspondent and UWM." ECF No. 17-1, PageID.194 at § 7.01.

Tellingly, UWM cannot and does not allege that it has a signed copy of the Unsigned Amendments, whether electronically signed or otherwise. To the contrary, the proposed "amendments," attached by UWM as Exhibits C and D to its FAC, are *not* signed by either Party. ECF No. 17-1, PageID.207, 2019 (Unsigned Amendments to the 2020 Correspondent Agreement).[1]

---

[1] This Court is not obligated to accept plaintiff's allegation that the parties "agreed" to these amendment as true where, as here, that claim is contradicted by the unsigned documents attached to the Complaint. *See*, *e.g.*, *Carter v. Target Corp.*, 541 Fed. App'x 413, 417 (5th Cir. 2013) (refusing to accept as true factual allegations that were contradicted by the plaintiff's EEOC charging documents, which the defendant had attached to its motion to dismiss).

4

At most, UWM vaguely alleges that Mortgage Solutions "agreed" to the amendments by "approv[ing] the renewals through UWM's online broker-facing portal." ECF No. 17-1, PageID.160 at ¶ 21. But the Unsigned Amendments, on their face, require a signature in order to be valid. And § 7.18 lists the methods by which the agreement may be executed, none of which include "clickwrap." ECF No. 1-3, PageID.53 at § 7.18 (allowing "execut[ion] via facsimile, electronic mail or electronic signature."). Accordingly, under the clear and unambiguous terms of §§ 7.01 and 7.18, UWM's breach of contract claim in the FAC remains fatally flawed because the amendments were never signed. *Holland v. Trinity Health Care Corp.*, 287 Mich.App. 524, 527; 791 N.W.2d 724 (2010) (holding that clear and unambiguous contract language must be enforced as written.).

For the reasons discussed at length in Defendants' Motion to Dismiss briefing (ECF No. 13) and incorporated by reference herein, UWM cannot rely on § 7.07 to circumvent the requirements of § 7.01. Section 7.07 of the 2020 Correspondent Agreement states:

> UWM Amendments & Website. This Agreement and the policies, procedures and instructions of UWM, including but not limited to those contained in the UWM Guide, may be amended by UWM from time to time upon written notice to the Correspondent of the amendment, which may occur by posting any such amendments on UWM's website, which Correspondent is required to regularly check and monitor as a condition of this Agreement. The Correspondent agrees that submissions to UWM after such notification shall be the Correspondent's agreement to the amendment without further signature or consent of any kind. Any such amendment shall apply to pending and/or future submissions by

5

the Correspondent.

ECF No. 17-1, PageID.195 at § 7.07. On its face, this provision creates only a *limited* exception to the written modification requirement that applies to changes to UMW's policies, procedures and instructions governing loan applications. *See* ECF No. 1-2, PageID.40 at § 7.07 (providing that the amendments this section allows "shall apply to pending and/or future submissions by the Correspondent"). It does not apply to the kind of material changes at issue in this case. And if it did, it would render the entire agreement a nullity as an illusory contract. *Day v. Fortune Hi-Tech Mktg.*, 2012 U.S. Dist. LEXIS 130581, *6-7 (E.D. Ky. Sep. 13, 2012) (finding "unilateral-amendment provision" rendered "illusory any alleged promise to arbitrate" where notice could be posted to a website), *aff'd by* 536 F. App'x 600, 604 (6th Cir. 2013) ("Because Defendant retained the ability to modify any term of the contract, at any time, its promises were illusory.").

Second, the FAC contains no new factual allegations plausibly suggesting that any additional consideration was provided for the unsigned amendments. Therefore, these amendments are also void as a matter of law pursuant to Mich. Comp. Laws Serv. § 566.1. Mich. Comp. Laws Serv. § 566.1 permits amendments to contracts without additional consideration *only where the amendment is memorialized in a signed writing*. Mich. Comp. Laws Serv. § 566.1. And here there is no such signed

6

writing. [2]

Because the Unsigned Amendments to the 2020 Correspondent Agreement are not signed at all, and no consideration was provided, UWM's claim for breach of the Unsigned Amendments fails as a matter of law and UWM's proposed FAC is futile. The only thing the proposed amendments accomplish is to demonstrate that UWM's pleading failures cannot be remedied and dismissal of the Complaint should be granted with prejudice.

UWM also claims that it has added new allegations to "clarify" its trademark infringement claim. ECF No. 17, PageID152. But the only substantive change to this claim appears to be the *deletion* of Paragraph 35 from the operative Complaint, which admits that the challenged Facebook group is entitled "Rocket Pro TPO vs UWM," and its "About" section describes the group as a "place where honest and uninfluenced conversations can take place." ECF No. 1, PageID.12, ¶ 35. This deletion serves as a tacit concession that these facts are fatal to UWM's trademark infringement claim because these statements demonstrate that its mark is *not* being

---

[2] Tellingly, UWM does not allege in the FAC that the proposed amendments were executed via facsimile, electronic mail or electronic signature, as required by their plain terms. ECF No. 17-1, PageID.205 at § 7.18, PageID.218 at § 7.18. Nor does UWM allege any facts about the supposed "approvals," other than to allege that they occurred "through UM's online broker-facing portal." ECF No. 17-1, PageID.99 at ¶ 36. UWM further alleges that Mortgage Solutions "agreed" to the Unsigned Amendment in *November 2021*. At a minimum, therefore, the Amendment cannot apply to any loans delivered prior to this date. ECF No. 17-1, PageID.159-160 at ¶¶ 21, 23 (alleging loans were delivered beginning in *June 2020*).

7

used to identify the source of any products and services, but rather only to criticize or comment upon UWM's services as compared to its largest competitor, Rocket Pro TPO, a fair use. *See Jack Daniel's Props. v. VIP Prods. LLC*, 599 U.S. 140, 162 (2023) (explaining that the "'fair' use exclusion specifically covers uses 'parodying, criticizing, or commenting upon' a famous mark owner.") (quoting 15 U.S.C. § 1125(c)(3)(A)(ii)). But this deletion is futile in any event. Because the contents of the Facebook page form the basis of Plaintiff's trademark claim, this Court can take judicial notice of them even if they are not included in the FAC. Accordingly, UWM's unspecified "clarification" is of no moment and its trademark claim remains subject to dismissal for the reasons stated in Defendants' Motion to Dismiss briefing.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court DENY UWM's request for leave to file a FAC.

Respectfully submitted,

/s/ Jeffery B. Morganroth
JEFFREY B. MORGANROTH (P41670)
JASON R. HIRSCH (P58034)
MORGANROTH & MORGANROTH, PLLC
Attorneys for Defendants
344 North Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(248) 864-4000
jmorganroth@morganrothlaw.com
Dated: June 18, 2024     jhirsch@morganrothlaw.com

## **PROOF OF SERVICE**

I hereby certify that on June 18, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the Court's electronic filing system which will send notification of such filing to counsel in this matter registered with the Court's electronic filing system.

                MORGANROTH & MORGANROTH, PLLC

                /s/ Jason R. Hirsch
                JASON R. HIRSCH (P58034)
                MORGANROTH & MORGANROTH, PLLC
                Attorneys for Defendants

Dated: June 18, 2024