**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED WHOLESALE MORTGAGE, LLC,

    Plaintiff,

v.

MORTGAGE SOLUTIONS FCS, INC. and RAMON WALKER,

    Defendants.

Case No. 2:24-cv-10376
Hon. Brandy R. McMillion

**PLAINTIFF UNITED WHOLESALE MORTGAGE LLC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................... iii

I.  The FAC's breach-of-contract claim is plausible ............................................. 1

   A.  UWM's breach-of-contract claim is based on the EPO provision that existed in the parties' initial 2020 Agreement. ........................................................................................ 1

   B.  The 2020 Agreement did not require every amendment to be in writing signed by both parties. ..................................................... 2

   C.  The 2021 and 2022 amendments are supported by consideration. ................................................................................. 5

II. UWM's trademark-infringement claim remains plausible. ............................. 6

III. UWM seeks to amend its Complaint in good faith—only if needed. ........................................................................................... 6

# INDEX OF AUTHORITIES

**Cases**

*Bazzi v. M S Int'l Inc.*, No. 2:21-CV-11788-TGB, 2022 WL 839938 (E.D. Mich. Mar. 21, 2022) ................................................................................5

*Curry v. Harvest Energy Sols., LLC*, No. 15-13981, 2016 WL 3654534 (E.D. Mich. July 8, 2016) ..................................................................................4

*Day v. Fortune Hi-Tech Mktg., Inc.*, 536 F. App'x 600 (6th Cir. 2013) ...................5

*Quality Prod. & Concepts Co. v. Nagel Precision, Inc.*, 666 N.W.2d 251 (Mich. 2003) ..........................................................................................4

*Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir. 2000) ....................3

**Statutes**

*Adell Broad. v. Apex Media Sales*, 708 N.W.2d 778 (Mich. Ct. App. 2005) .......................................................................................................6

MCL § 566.1 ..............................................................................................1, 5

**Rules**

Fed. R. Civ. P. 15 ...........................................................................................7

Defendants' opposition to UWM being granted leave to file the proposed First Amended Complaint ("FAC") based on its purported "futility" fails, because it suffers the same fatal flaws as Defendants' Motion to Dismiss. Like the Complaint, the FAC plausibly alleges that Mortgage Solutions breached the 2020 Correspondent Agreement ("2020 Agreement") and its 2021 and 2022 amendments (collectively, "Correspondent Agreement") by failing to pay overdue EPO fees. Whether Mortgage Solutions "signed" or virtually acknowledged the amendments, ECF No. 17-1 at Exs. C-D, is inconsequential, because the relevant EPO provision is included in the 2020 Agreement. Further, the 2020 Agreement did not require all amendments to be in a writing executed by both parties, so the lack of a wet-ink signed document is also of no consequence. And the amendments are not voided by MCL § 566.1 because the parties' continued business relationship was sufficient consideration. The FAC also continues to plausibly allege UWM's trademark-infringement claim based on Ramon Walker's improper use of UWM's trademarked logo. Lastly, UWM's Motion for Leave to File a First Amended Complaint ("Motion") is not brought in bad faith where it was properly filed under Rule 15 at this early stage.

# I. The FAC's breach-of-contract claim is plausible.

### A. UWM's breach-of-contract claim is based on the EPO provision that existed in the parties' initial 2020 Agreement.

Mortgage Solutions mischaracterizes UWM's breach-of-contract claim. UWM's bases its breach-of-contract claim on an EPO provision in the parties'

1

undisputed 2020 Agreement and its subsequent amendments. ECF No. 17-1, PageID.161-62 at ¶¶ 22-25. The FAC alleges that Mortgage Solutions breached the Correspondent Agreement—defined to mean the 2020 Agreement and its 2021 and 2022 amendments—all three of which contain the EPO provision. *Id*. Whether Mortgage Solutions "signed" or virtually acknowledged the amendments is therefore inconsequential to UWM's breach-of-contract claim, because Mortgage Solutions' breaches will always, at a minimum, constitute a breach of the 2020 Agreement.[1]

### B. The 2020 Agreement did not require every amendment to be in writing signed by both parties.

Mortgage Solutions wrongly claims—again—that the 2020 Agreement requires a signed writing for any amendment. Mortgage Solutions' position ignores the 2020 Agreement's express language in Section 7.01 allowing the parties to enter amendments as set forth in Section 7.07. ECF No. 17-1, PageID.194. Section 7.07 permitted UWM to amend the 2020 Agreement by posting amendments on UWM's website, and Mortgage Solutions "agree[d] that submissions to UWM after such

---

[1] Mortgage Solutions contends the EPO provisions are distinguishable because the 2020 Agreement applies to loans paid off within 180 days of "funding," whereas the amendments apply to loans paid off within 180 days of "disbursement." ECF No. 19, PageID.241. But "funding" and "disbursement" both pertain to the date a consumer's loan was provided to a title company at closing. Notably, Mortgage Solutions ignores that fact. *Id*. Further, Mortgage Solutions' liability under the EPO provision is based on Mortgage Solutions failing to pay EPO fees, not whether the loans were paid off within 180 days, so the funding-versus-disbursement language is a distinction without a difference here.

2

notification shall be [its] agreement to the amendment without further signature or consent of any kind." *Id.* at PageID.195.

UWM's FAC alleges facts falling under Section 7.07's methods. The FAC alleges that Mortgage Solutions agreed to yearly agreement renewals through UWM's online broker-facing portal in both November 2021 and November 2022 and attaches the agreed upon amendments to the 2020 Agreement in those renewals. ECF No. 17-1, PageID.160-161 at ¶¶ 20-21. The faces of the 2021 and 2022 amendments reflect that they are online "Renewal Application – Agreement[s]" from UWM's portal pertaining to Mortgage Solutions. ECF No. 17-1, PageID.199, 209. And Mortgage Solutions' claim that the Court is not obligated to accept UWM's allegation that Mortgage Solutions agreed to the renewals is unfounded. The test for futility is based on only the proposed pleading to determine if it can withstand a Rule 12(b)(6) motion. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). Mortgage Solutions nonetheless attempts to argue the allegations lack credibility for lack of factual support. But the 2021 and 2022 amendments both reflect that they are "100% ready for submission." ECF No. 17-1, PageID.199, 209. Further, confirmations of Mortgage Solutions' renewals are attached as Exhibit A. In addition to the yearly renewals, the FAC also alleges that Mortgage Solutions submitted loans through May 2023—after the 2021 and 2022 amendments were posted to UWM's online portal—which constitutes Mortgage Solutions' agreement

3

to the 2021 and 2022 amendments under Section 7.07.[2]

Mortgage Solutions' next focuses on Section 7.18 of the 2021 and 2022 amendments. ECF No. 18, PageID.232. Mortgage Solutions' repeated focus on Section 7.18 is unfounded. Section 7.18 states only that the 2021 or 2022 amendments "may" be executed in counterparts and by other methods. ECF No. 17-1, PageID.205, 218. Nowhere does Section 7.18 require a signature. *Id.*

Recognizing that UWM plausibly pleads Mortgage Solutions' agreement to the 2021 and 2022 amendments, Mortgage Solutions attempts to argue the amendments are limited to UWM's policies, procedures, and instructions. ECF No. 18, PageID.233. However, Section 7.07's plain language applies clearly to "This Agreement," two words that Mortgage Solutions self-servingly continues to ignore. ECF No. 17-1, PageID.194. Mortgage Solutions also attempts to argue that the Correspondent Agreement is illusory, claiming that UWM can unilaterally modify

---

[2] Even if Mortgage Solutions were correct that that the 2020 Agreement's terms required a writing signed by both parties, UWM plausibly alleges that any such requirement was waived here. "[P]arties to a contract are free to mutually . . . modify their contract notwithstanding a written modification . . . clause because of the freedom to contract." *Quality Prod. & Concepts Co. v. Nagel Precision, Inc.*, 666 N.W.2d 251, 253 (Mich. 2003). An "oral or written expression of amendment" can evidence the mutual assent to amend notwithstanding any writing requirement; further, "a course of affirmative conduct, particularly coupled with oral or written representations," suffices too. *Id.* at 258–59, 261; *see also Curry v. Harvest Energy Sols., LLC*, No. 15-13981, 2016 WL 3654534, at *4 (E.D. Mich. July 8, 2016) (That the plaintiff could not "sustain a modification [] argument because of the written no-modification clause," was "undercut by the Defendant's alleged conduct").

4

the agreement. But UWM holds no such power, because Section 7.07 makes clear that any amendment UWM proposes must be accepted by Mortgage Solutions, which can be completed by more than one method. *See Bazzi v. M S Int'l Inc.*, No. 2:21-CV-11788-TGB, 2022 WL 839938, at *4 (E.D. Mich. Mar. 21, 2022) ("The Agreement is not illusory" where it "does not allow modification without [the parties'] agreement."). Indeed, Mortgage Solutions is not required to submit loans to UWM after a proposed amendment or at any time, and Mortgage Solutions can terminate the Correspondent Agreement at any time with 7-days' notice.[3] ECF No. 17-1, PageID.194, 205, 216.

### C. The 2021 and 2022 amendments are supported by consideration.

As more fully set forth in UWM's response to Defendants' Motion to Dismiss, ECF No. 16, PageID.129-131, the FAC sufficiently alleges adequate consideration for the 2021 and 2022 amendments based on the parties' continued relationship. Under MCL § 566.1, oral modifications of written agreements must be supported by sufficient consideration. *See* MCL § 566.1. But even if the amendment is considered an oral modification (though it isn't by the written renewals and loan submission agreements), the parties' continued business relationship is more than enough

---

[3] Mortgage Solutions' reliance on *Day v. Fortune Hi-Tech Mktg., Inc.*, 536 F. App'x 600, 604 (6th Cir. 2013) is unavailing. Aside from applying Kentucky law, *Day* pertains to a contract that can be unilaterally amended without notice or agreement to the other party at any time. Not so here. UWM provides notice, and the amendment applies only if Mortgage Solutions assents to it, which it did here.

5

consideration to support such an amendment. *See Adell Broad. v. Apex Media Sales*, 708 N.W.2d 778, 782 (Mich. Ct. App. 2005) ("[T]he fact that parties consider it to their advantage to modify their agreement is sufficient consideration" such that "no other consideration for the amended agreement was necessary.")

## II. UWM's trademark-infringement claim remains plausible.

Walker's attempt to make issue of the Rocket Pro TPO vs UWM Facebook group's "About" section is yet another red herring. Regardless of the contents of the "About" section, UWM's claim focuses on Walker's improper use of UWM's trademarked logo to market the Facebook Group on his personal Facebook profile and in the Facebook group itself, which advertises Mortgage Solutions' products and services. UWM makes a significant and plausible showing that Walker's use of UWM's logo creates a likelihood of confusion using Sixth Circuit precedent, ECF No. 16, PageID.136-40, whereas Walker chooses to ignore the precedential factors. UWM's trademark-infringement claim is therefore not futile, as set forth in UWM's Response to Defendants' Motion to Dismiss. ECF No. 16, PageID.133-141.

## III. UWM seeks to amend its Complaint in good faith—only if needed.

Defendants' belief that UWM's Motion is not brought in good faith is unfounded. Any argument that UWM's instant Motion and its Response to Defendants' Motion to Dismiss are untimely is wrong, because Rule 15(a)(2) does not have a time limit and the Court extended the motion-to-dismiss briefing schedule

6

under the parties' stipulation.[4] Although Rule 15 allows a party to amend its pleading as a matter of course within 21 days of a responsive pleading or Rule 12(b) motion, it also permits a party to amend with leave of court or stipulation of the parties. Fed. R. Civ. P. 15. UWM moved for leave early in this action. Rather than oppose UWM's Motion, Defendants could have informed UWM that it would agree to UWM's filing of the FAC before Defendants filed their reply brief supporting their motion to dismiss and response to the instant Motion—obviating the need for the concurrent motion practice that Defendants complain about. Yet they did not. UWM's proper utilization of Rule 15(a)(2) during the motion-to-dismiss briefing—and only to the limited extent that the Court is skeptical of the plausibility of UWM's current claims—is not bad faith.

The Court should therefore grant UWM leave to file the FAC in the event the Court is inclined to grant Defendants' Motion to Dismiss.

Respectfully submitted,

*/s/ Mahde Y. Abdallah* (P80121)
**BUSH SEYFERTH PLLC**
100 W. Big Beaver Rd., Ste. 400
Troy, MI 48084
T/F: (248) 822-7800
abdallah@bsplaw.com

Dated: June 25, 2024    *Attorneys for Plaintiff United Wholesale Mortgage*

---

[4] If anything, Defendants are the one making a bad-faith argument. Under their logic, Defendants' Motion to Dismiss would be untimely when filed on April 15, 2024—although initially due March 21, 2024 but extended to April 15, 2024 with UWM's agreement. ECF No. 9.

7