# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED WHOLESALE MORTGAGE, LLC,

    Plaintiff,

v.

                                  Case No. 2:24-cv-10376
                                  Hon. Brandy R. McMillion

MORTGAGE SOLUTIONS FCS, INC. and RAMON WALKER

    Defendants.

_____/

| | |
|---|---|
| MOHEEB H. MURRAY (P63893) | JEFFREY B. MORGANROTH (P41670) |
| WILLIAM E. McDONALD III (P76709) | JASON R. HIRSCH (P58034) |
| MAHDE Y. ABDALLAH (P80121) | MORGANROTH & MORGANROTH, PLLC |
| BUSH SEYFERTH PLLC | Attorneys for Defendants |
| Attorneys for Plaintiff | 344 North Old Woodward Avenue, Suite 200 |
| 100 W. Big Beaver Road, Suite 400 | Birmingham, Michigan 48009 |
| Troy, Michigan 48084 | (248) 864-4000 |
| (248) 822-7800 | jmorganroth@morganrothlaw.com |
| abdallah@bsplaw.com | jhirsch@morganrothlaw.com |
| mcdonald@bsplaw.com | |

_____/

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT [ECF NO. 22], AFFIRMATIVE DEFENSES AND RELIANCE UPON JURY DEMAND**

# DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Defendants, Mortgage Solutions FCS, Inc. ("Mortgage Solutions") and Ramon Walker ("Walker"), by and through their attorneys, Morganroth & Morganroth, PLLC, for its Answer to Plaintiff, United Wholesale Mortgage, LLC's ("UWM"), First Amended Complaint (the "FAC") states as follows:

## PARTIES

1. In answer to Paragraph 1, Defendants neither admit nor deny the allegations for lack of sufficient information upon which to form a belief.

2. In answer to Paragraph 2, Defendants admit.

3. In answer to Paragraph 3, Defendants admit.

## JURISDICTION AND VENUE

4. In answer to Paragraph 4, Defendants admit.

5. In answer to Paragraph 5, Defendants admit.

6. In answer to Paragraph 6, Defendants deny for reason untrue that the Correspondent Agreements attached as Exhibits C and D to the FAC are valid, binding or enforceable, and therefore they cannot serve as the basis for personal jurisdiction.

7. In answer to Paragraph 7, Defendants admit.

8. In answer to Paragraph 8, Defendants deny for reason untrue that the Correspondent Agreements attached as Exhibits C and D to the FAC are valid,

1

binding or enforceable, and therefore they cannot serve to establish the propriety of venue in this District.

## GENERAL ALLEGATIONS

9. In answer to Paragraph 9, Defendants neither admit nor deny the allegations for lack of sufficient information upon which to form a belief.

10. In answer to Paragraph 10, Defendants neither admit nor deny the allegations for lack of sufficient information upon which to form a belief.

11. In answer to Paragraph 11, Defendants deny for reason untrue.

12. In answer to Paragraph 12, Defendants deny for reason untrue.

13. In answer to Paragraph 13, Defendants admit.

14. In answer to Paragraph 14, Defendants deny for reason untrue.

15. In answer to Paragraph 15, Defendants state that the Wholesale Broker Agreement speaks for itself.

16. In answer to Paragraph 16, Defendants state that the Correspondent Agreement speaks for itself.

17. In answer to Paragraph 17, Defendants state that the Correspondent Agreement speaks for itself.

18. In answer to Paragraph 18, Defendants state that the Correspondent Agreement speaks for itself.

19. In answer to Paragraph 19, Defendants state that the Correspondent Agreement speaks for itself.

20. In answer to Paragraph 20, Defendants deny for reason untrue.

21. In answer to Paragraph 21, Defendants deny for reason untrue.

**Mortgage Solutions' Breach of the Early Payoffs Provision**

22. In answer to Paragraph 22, Defendants state that the Correspondent Agreements speak for themselves.

23. In answer to Paragraph 23, Defendants neither admit nor deny the allegation for lack of sufficient information upon which to form a belief.

24. In answer to Paragraph 24, Defendants neither admit nor deny the allegation for lack of sufficient information upon which to form a belief.

25. In answer to Paragraph 25, Defendants neither admit nor deny the allegation for lack of sufficient information upon which to form a belief.

26. In answer to Paragraph 26, Defendants state that the Correspondent Agreements speak for themselves.

**Walker's infringement of UWM's Trademark**

27. In answer to Paragraph 27, Defendants admit.

28. In answer to Paragraph 28, Defendants neither admit nor deny the allegation for lack of sufficient information upon which to form a belief.

29. In answer to Paragraph 29, Defendants neither admit nor the allegation for lack of sufficient information upon which to form a belief.

30. In answer to Paragraph 30, Defendants admit.

31. In answer to Paragraph 31, Defendants admit.

32. In answer to Paragraph 32, Defendants admit.

33. In answer to Paragraph 33, Defendants admit that, among other things, Walker uses his Facebook profile to advertise the services of Mortgage Solutions.

34. In answer to Paragraph 34, Defendants admit that Walker established the Facebook group entitled "Rocket Pro TPO vs UWM."

35. In answer to Paragraph 35, Defendants deny for reason untrue in the manner and form alleged. In further answer, Defendants state that any of UWM's Mark was fair use.

36. In answer to Paragraph 36, Defendants admit.

37. In answer to Paragraph 37, Defendants deny for reason untrue in the manner and form alleged. In further answer, Defendants state that any of UWM's Mark was fair use.

38. In answer to Paragraph 38, Defendants admit.

39. In answer to Paragraph 39, Defendants deny for reason untrue.

40. In answer to Paragraph 40, Defendants admit.

41. In answer to Paragraph 41, Defendants admit.

42. In answer to Paragraph 42, Defendants deny for reason untrue.

43. In answer to Paragraph 43, Defendants deny for reason untrue.

44. In answer to Paragraph 44, Defendants deny for reason untrue.

45. In answer to Paragraph 45, Defendants deny for reason untrue.

## COUNT ONE
## BREACH OF CONTRACT
## (AGAINST MORTGAGE SOLUTIONS)

46. In answer to Paragraph 46, Defendants restate and incorporate by reference all Paragraphs of this Answer as if fully set forth herein.

47. In answer to Paragraph 47, Defendants deny for reason untrue.

48. In answer to Paragraph 48, Defendants deny for reason untrue.

49. In answer to Paragraph 49, Defendants deny for reason untrue.

50. In answer to Paragraph 50, Defendants deny for reason untrue.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's FAC with prejudice, and award Defendants the costs and attorney fees they incurred in having to defend against the FAC.

## COUNT TWO
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 USC § 1114
## (AGAINST WALKER)

51. In answer to Paragraph 51, Defendants restate and incorporate by reference all Paragraphs of this Answer as if fully set forth herein.

52. In answer to Paragraph 52, Defendants neither admit nor deny the legal conclusions of Plaintiff for lack of sufficient information upon which to form a belief.

53. In answer to Paragraph 48, Defendants deny for reason untrue in the manner and form alleged. In further answer, Defendants state that any of UWM's Mark was fair use.

54. In answer to Paragraph 49, Defendants deny for reason untrue.

55. In answer to Paragraph 50, Defendants deny for reason untrue.

56. In answer to Paragraph 51, Defendants deny for reason untrue.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's FAC with prejudice, and award Defendants the costs and attorney fees they incurred in having to defend against the FAC.

## **AFFIRMATIVE DEFENSES**

Defendants, for their Affirmative Defenses to the FAC, state as follows:

1. <u>Failure to State a Claim Upon Which Relief May Be Granted</u>.

2. <u>Fair Use</u>. Any use of UWM's Mark by Defendants was fair use.

3. <u>First Amendment</u>. Any use of UWM's Mark by Defendants is protected by the First Amendment to the United States Constitution.

4. <u>No Damages</u>. UWM has suffered no damages.

5. <u>Failure to Mitigate</u>. UWM is not entitled to any relief because it has failed to take reasonable steps to mitigate its alleged damages.

6. <u>Bad Faith and Harassment</u>. UWM's claims against Defendants are brought in bad faith and for purposes of harassment.

7. <u>Good Faith Conduct by Defendants</u>. UWM is barred from pursuing its claims by virtue of the fact that Defendants acted in good faith at all times relevant hereto.

8. <u>Reservation to Supplement or Amend</u>. Defendants reserve the right to supplement or amend these Affirmative Defenses as additional information becomes known during discovery.

**RELIANCE UPON UWM'S DEMAND FOR JURY TRIAL**

Defendants, by and through their attorneys, Morganroth & Morganroth, PLLC, hereby rely upon UWM's demand for a trial by jury in the above-entitled matter.

Respectfully submitted,

/s/ Jeffery B. Morganroth
JEFFREY B. MORGANROTH (P41670)
JASON R. HIRSCH (P58034)
MORGANROTH & MORGANROTH, PLLC
Attorneys for Defendants
344 North Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(248) 864-4000
jmorganroth@morganrothlaw.com

Dated: December 9, 2024      jhirsch@morganrothlaw.com

7

## PROOF OF SERVICE

I hereby certify that on December 9, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the Court's electronic filing system which will send notification of such filing to counsel in this matter registered with the Court's electronic filing system.

          MORGANROTH & MORGANROTH, PLLC

          /s/ Jason R. Hirsch
          JASON R. HIRSCH (P58034)
          MORGANROTH & MORGANROTH, PLLC
          Attorneys for Defendants

Dated: December 9, 2024